UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK DENICOLO | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:19-cv-01559 |
| | ) | |
| -v- | ) | JUDGE: |
| | ) | |
| SUNRISE CREDIT SERVICES, INC. | ) | **COMPLAINT** |
| | ) | JURY DEMAND ENDORSED HEREON |
| Defendant | ) | |
| | ) | |

Plaintiff, Mark DeNicolo, for his complaint against Sunrise Credit Services, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking actual and statutory damages, reasonable attorneys' fees and costs, for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), stemming from Defendants' unlawful debt collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff, Mark DeNicolo ("Mr. DeNicolo"), is a natural adult person currently residing in West Chicago, Illinois, which lies within the Northern District of Illinois.

5. Mr. DeNicolo is a "consumer" as that term is defined in § 1692a(3) of the FDCPA.

6. Mr. DeNicolo is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Sunrise Credit Services, Inc., is a New York corporation in the business of collecting consumer debts on behalf of others within the state of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its correspondences and on its website, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTUAL ALLEGATIONS

12. Plaintiff's full name is Mark DeNicolo. Plaintiff has never been known by any other name.

13. Plaintiff takes great pride in his good name and credit score and works hard to ensure that his bills are paid in full and on time every month. As such, Mr. DeNicolo often schedules payments prior to the due date with his JP Morgan Chase Checking Account ("Chase Account").

14. As one of his monthly bills, Mr. DeNicolo had an account with a cable and internet service provider named *AT&T U-Verse*. On or around September 11, 2018, Mr. DeNicolo approved a $70.00 payment to *AT&T U-Verse* using his Chase Account. A copy of the approved payment screen, for a $70.00 payment, is attached to this complaint as Exhibit A.

15. Thereafter, Mr. DeNicolo's Chase Account was charged $152.40, an amount much higher than he had authorized (the "Subject Debt"). Therefore, Mr. DeNicolo disputed the payment on October 16, 2018. A copy of the Dispute letter, dated October 16, 2018, is attached to this complaint as Exhibit B.

16. Due to his disputed payment, Chase refunded Mr. DeNicolo the $152.40 payment to his Chase Account. A copy of the account credited page, dated October 16, 2018, is attached to this complaint as Exhibit C.

17. Soon thereafter the *AT&T U-Verse* account was in default and it was sold, assigned and/or transferred to Defendant for collection.

18. On or around December 3, 2018, Defendant's agent telephoned Mr. DeNicolo in an attempt to collect $152.40 for the Subject Debt (the "Phone Call").

19. Mr. DeNicolo had never had any prior contact with Defendant and the Phone Call was the initial communication in an attempt to collect the Subject Debt.

20. During the Phone Call, Mr. DeNicolo clearly stated he disputed the Subject Debt.

3

21. Defendant's agent continued to attempt to collect upon the Subject Debt, even after Mr. DeNicolo verbalized that he disputed owing the Subject Debt.

22. Confused, frustrated, and at a complete loss with what else he can do to put a stop Defendant's continued collection activity against him, Mr. DeNicolo reached out to his attorneys for clarification regarding his rights.

## DAMAGES

23. Plaintiff has been harassed and misled by Defendant's collection actions.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on the Subject Debt using unlawful means and ultimately cause him unwarranted economic harm.

25. Due Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

26. After a reasonable time to conduct discovery, Mr. DeNicolo believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully, with either the desire to harm him, with knowledge that its actions would very likely harm him, and/or with knowledge that its actions were taken in violation of the law.

27. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692d, e, e(2)(A), e(8), e(10), f, and f(1)*

28. All prior paragraphs are incorporated into this count by reference.

29. The FDCPA states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

30. Defendant violated 15 U.S.C. §§ 1692d, e, e(2)(A), e(8), e(10), f and f(1) by repeatedly dunning Plaintiff in connection with the Subject Debt despite the fact that: (a) Plaintiff was not legally responsible for repayment of the Subject Debt; and (b) Plaintiff previously disputed the validity of Subject Debt with the original creditor and again during the initial communication with Defendant, but never received any verification/validation from Defendant in response.

31. At all relevant times, Defendant knew or should have known that: (a) Plaintiff was not legally responsible for repayment of the Subject Debt; (b) Plaintiff disputed the validity of the Subject Debt; and (c) because Plaintiff disputed the Subject Debt during the initial communication, Defendant was required to cease collection efforts in connection with the Subject Debt until its provided Plaintiff with written verification/validation of Subject Debt. Instead, Defendant's agent continued to attempt to collect upon the Subject Debt after Plaintiff disputed the validity of the Subject Debt.

32. As an experienced debt collector, Defendant knows that it cannot dun a consumer in connection with a debt that such consumer is not responsible for and, additionally, upon receipt of a dispute from the consumer as to the validity of the debt, must cease all collection efforts until providing the consumer with sufficient validation/verification of the debt.

33. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
*815 ILCS § 505/2*

34. All prior paragraphs are incorporated into this count by reference.

35. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS § 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

36. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

37. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, by, *inter alia*, repeatedly dunning Plaintiff in connection with the Subject Debt despite the fact that: (a) Plaintiff was not legally responsible for repayment of the Subject Debt; and (b) Plaintiff previously disputed the validity of

Subject Debt with Defendant, but never received any verification/validation from Defendant in response, and Defendant's agent continue to attempt to collect upon the Subject Debt.

38. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

39. Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mark DeNicolo, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS § 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS § 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

Dated: March 5, 2019

Respectfully Submitted,

/s/ Kristen C. Wasieleski
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                          */s/ Kristen C. Wasieleski*
                                          Kristen C. Wasieleski #6303018
                                          CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss |
| COUNTY OF DUPAGE | ) |

Pursuant to 28 U.S.C. § 1746, Plaintiff, Mark DeNicolo, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of March, 2019.

DocuSigned by:
Mark DeNicolo
5EA332D844FD4D9...
Signature